IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEDRO W. BACA,

    Petitioner,                  No. CIV S-05-0506 DFL KJM P

    vs.

A.K. SCRIBNER, Warden, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his Sacramento County convictions for murder, attempted murder and assault with a deadly weapon, along with a gang enhancement, and the resulting sentence of eighty-four-years-to-life. His petition raises four grounds: (1) the trial court's failure to instruct the jury to begin deliberations anew after substituting an alternate juror; (2) the convictions are not supported by sufficient evidence; (3) the conviction for assault with a deadly weapon should be reduced to simple assault; (4) CALJIC No. 2.90 improperly defines reasonable doubt. Respondent has filed an answer and petitioner has filed his reply. These claims are exhausted.

        On June 2, 2006, petitioner filed a motion for a stay to allow him to exhaust state remedies on two grounds: (1) appellate counsel lied to him about the availability of trial

1

1 counsel's file and (2) appellate counsel did not raise the violation of petitioner's speedy trial
2 rights on direct appeal. Respondent has not opposed the motion.

3         In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held:

4         [I]t likely would be an abuse of discretion for a district court to deny a stay. . . if the petitioner had good cause for this failure to
5         exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally
6         dilatory litigation tactics.

7 Id. at 278. Petitioner explains that the stay is necessary so he can "do what my appeal lawyer . . .
8 failed to do in my best interest." Motion at 3. Moreover, there is no indication that petitioner has
9 intentionally delayed his pursuit of these claims. However, petitioner has not shown that the
10 claims are meritorious.

11         Whether appellate counsel failed to provide certain records to petitioner and
12 whether counsel lied about their availability does not suggest that petitioner's underlying
13 convictions were obtained in violation of the Constitution, a prerequisite to a federal habeas
14 relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Nor has petitioner suggested that this
15 failure to provide the records resulted in any prejudice. See Duncan v. Fischer, 410 F.Supp.2d
16 101, 118 (E.D.N.Y. 2006).

17         An indigent defendant "does not have a constitutional right to compel appointed
18 counsel to press nonfrivolous points requested by the client, if counsel, as a matter of
19 professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751
20 (1983). Counsel "must be allowed to decide what issues are to be pressed." Id. From the
21 motion itself, it appears that appellate counsel considered and rejected any speedy trial claim,
22 whether statutory or constitutional. Petitioner has not shown that this determination was
23 unreasonable nor that he was subject to the sort of delay which raises federal speedy trial
24 concerns. See generally Barker v. Wingo, 407 U.S. 514, 530-32 (1972).

25         Petitioner's exhibit to this motion is a copy of a state habeas petition, which
26 includes additional issues, including ineffective assistance of trial counsel. Because petitioner

1 has not included these claims as part of the actual motion requesting the stay, the court expresses
2 no opinion on whether they would support such a request.
3       IT IS HEREBY RECOMMENDED that petitioner's June 2, 2006 request for a
4 stay be denied.
5       These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
7 days after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties. Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
10 shall be served and filed within ten days after service of the objections. The parties are advised
11 that failure to file objections within the specified time may waive the right to appeal the District
12 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: 10/19/06
14                         UNITED STATES MAGISTRATE JUDGE

2
17 baca0506.sty

3