IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEDRO W. BACA,

               Petitioner,                   No. CIV S-05-0506 RRB KJM P

    vs.

A.K. SCRIBNER, Warden, et al.,

               Respondents.            ORDER

_____/

          Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his Sacramento County convictions for murder, attempted murder and assault with a deadly weapon, along with a gang enhancement, and the resulting sentence of eighty-four-years-to-life.   His original petition raises four grounds: (1) the trial court's failure to instruct the jury to begin deliberations anew after substituting an alternate juror; (2) the convictions are not supported by sufficient evidence; (3) the conviction for assault with a deadly weapon should be reduced to simple assault; and (4) CALJIC No. 2.90 improperly defines reasonable doubt.  Respondent filed an answer on April 4, 2006, and petitioner has filed his reply.

          Petitioner filed an amended petition on June 25, 2007.  Once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse

1  party.  See Fed. R. Civ. P. 15(a).  Petitioner has filed neither a motion to amend nor a stipulation

2  to amend the complaint signed by all parties.  Petitioner's amended complaint will therefore be

3  stricken.

4              Furthermore, even assuming petitioner satisfied the requirements set forth under

5  Rule 15(a), this action still must proceed on the petition filed on March 14, 2005 because

6  petitioner's new claims do not satisfy the relation back requirements set forth in Federal Rule of

7  Civil Procedure 15(c)(2), as explained below.

8  I.  Statute of Limitations and Relation Back of New Claims

9              One of the changes the AEDPA made to the habeas statutes was to add a statute of

10  limitations for filing a habeas petition:

11          (d)(1) A 1-year period of limitation shall apply to an application for
           a writ of habeas corpus by a person in custody pursuant to the
12          judgment of a State court. The limitation period shall run from the
           latest of–
13
           (A) the date on which the judgment became final by the conclusion
14          of direct review or the expiration of the time for seeking such
           review;
15
           (B) the date on which the impediment to filing an application
16          created by State action in violation of the Constitution or laws of
           the United States is removed, if the applicant was prevented from
17          filing by such State action;

18          (C) the date on which the constitutional right asserted was initially
           recognized by the Supreme Court, if the right has been newly
19          recognized by the Supreme Court and made retroactively
           applicable to cases on collateral review; or
20
           (D) the date on which the factual predicate of the claim or claims
21          presented could have been discovered through the exercise of due
           diligence.
22
           (2) The time during which a properly filed application for State
23          post- conviction or other collateral review with respect to the
           pertinent judgment or claim is pending shall not be counted toward
24          any period of limitation under this subsection.

25  28 U.S.C. § 2244.

26  /////

The "conclusion of direct review" is not the denial of review by the California Supreme Court, but ninety days thereafter, upon the expiration of the time in which to file a petition for a writ of certiorari in the United States Supreme Court. Tillema v. Long, 253 F.3d 494, 498 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). In this case, review was denied on June 30, 2004, so the ninety day period expired September 28, 2004. Answer, Ex. C. The statute of limitations began running on September 29, 2004 and expired on September 29, 2005, absent tolling. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time). The statute of limitations is tolled during the pendency of any properly filed state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). In this case, however, the petitions that exhausted the issues contained in the amended petition were filed after the statute of limitations had lapsed: petitions were filed in the Superior Court on June 7, 2006, in the state Court of Appeal on October 18, 2006, and in the state Supreme Court on December 19, 2006. See In Re Pedro William Baca, Superior Court No. 06F05057; Court of Appeal No. C053903; Supreme Court No. S148861. See also United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980). These petitions did not revive the statute of limitations. Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003).

The filing of the federal petition also did not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Accordingly, the five new claims petitioner seeks to add in his amended petition are outside the statute of limitations unless they relate back to the original claim. Fed. R. Civ. P. 15 (c)(2).

In Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562 (2005), the Supreme Court examined the interaction between the AEDPA statute of limitations and the relation back provisions of Rule 15(c)(2). The original petition in that case contained a single Sixth Amendment claim based on the admission of a witness's videotaped out-of-court statement. After the statute of limitations had run, petitioner Felix filed an amended petition, which added a Fifth Amendment claim stemming from the admission of Felix's pre-trial statements to the police and a

3

1  Sixth Amendment claim of appellate counsel's ineffectiveness for failing to challenge the use of

2  Felix's statements on appeal.  Id. at 2567-68.

3         To determine whether Felix's amended claims related back to the original petition,

4  the court focused on the "key words" of Rule 15(c)(2): "conduct, transaction, or occurrence," and

5  found that "relation back depends on the existence of a common 'core of operative facts' uniting

6  the original and newly asserted claims."  Id. at 2571-72.  Felix's amended petition did not meet

7  this standard because it "targeted separate episodes, the pretrial police interrogation of witness

8  Williams in his original petition, his own interrogation at a different time and place in his

9  amended petition."  Id. at 2572.

10        The Court also relied on Rule 2 of the Rules Governing § 2254 Proceedings,

11  which instructs a petitioner to specify all grounds for relief and state the facts supporting each

12  ground.

13        Under that Rule, Felix's Confrontation Clause claim would be
          pleaded discretely, as would his self-incrimination claim.  Each
14        separate congeries of facts supporting the grounds for relief, the
          Rule suggests, would delineate an "occurrence."
15

16  Mayle, 125 S.Ct. at 2573.   In a footnote, the Court cited two proper examples of "relating back."

17  The first involved an original challenge to the prosecution's failure to comply with its obligation

18  to provide exculpatory materials to the defense and an amended petition raising the failure to

19  provide a particular report.  The Court noted that both pleadings "related to evidence obtained at

20  the same time by the same police department."   Id. at 2575 n.7.  The second involved an original

21  petition challenging the trial court's admission of a witness's recanted statements, while the

22  amended petition challenged the court's refusal to allow the defendant to show the statements had

23  been recanted; the Supreme Court quoted the lower court's recognition that relation back would

24  be appropriate if the new claim was based on the same facts as the original pleading, but only

25  changed the legal theory.  Id.

26  /////

4

The Ninth Circuit has not addressed the question of relation back of habeas claims in a published decision since <u>Mayle</u>.  The First Circuit has examined the question and, consistent with its reading of <u>Mayle</u>, strictly construed the relation back doctrine when considering an amended motion to vacate sentence under 28 U.S.C. § 2255.

In <u>United States v. Ciampi</u>, 419 F.3d 20 (1st Cir. 2005), <u>cert. denied</u>, ___ U.S. ___, 126 S.Ct. 2906 (2006), the movant filed a pro se petition challenging, among other things, the district court's failure adequately to inquire into the movant's understanding of the provision for the waiver of appellate rights included in his plea agreement and ineffective assistance of counsel based on his attorney's failure to investigate misstatements in the indictment.  <u>Id</u>. at 24.  Counsel was appointed and then filed an amended petition raising counsel's ineffectiveness for failing adequately to advise petitioner to appeal one of the counts of conviction and to explain the waiver of appeal.  <u>Id</u>. at 22, 24.

The <u>Ciampi</u> court found that the new claims did not relate back.  Although both claims "generally related to [movant's] 'understanding' of his appellate waiver," they focused on wholly different aspects and actors, which prevented a finding that the new claim related back to the original petition.  <u>Id</u>. at 24.

> [A]mended habeas corpus claims generally must arise from the "same core facts," and not depend upon events which are separate both in time and type from the events upon which the original claims depended.

<u>Id</u>.; <u>see also</u> <u>Laurore v. Spencer</u>, 396 F.Supp.2d 59 (D. Mass. 2005) (claim that jury was not properly instructed on relationship between defendant's mental state and the ability to form criminal intent did not relate back to original claim that jury was not instructed on voluntariness of confession because the claims rely on different constitutional protections and on defendant's mental state at different times).

In his proposed amended petition, petitioner raises five new grounds: (1) the prosecution knowingly used the false testimony of a co-defendant to gain a conviction;

(2) petitioner was not brought to trial within the 60 day time limit pursuant to Penal Code Section 1382.2; (3) petitioner's trial counsel was ineffective; (4) petitioner's Sixth and Fourteenth Amendment rights were violated because appellate counsel was ineffective; and (5) a fundamental miscarriage of justice has occurred because petitioner was falsely convicted.

On their face, claims one through five of the proposed amended petition have nothing to do with petitioner's original claims.   Petitioner's original claim of insufficiency of the evidence is not based on the alleged use of the co-defendant's false testimony at trial.  Not one of the original claims implicates any state speedy trial act issue.  Neither trial nor appellate counsel's actions were challenged in any way.  Therefore, the new claims do not relate back and the case would not proceed on these grounds even if petitioner had complied with the requirement of Rule 15(a).

Accordingly, IT IS HEREBY ORDERED that petitioner's June 25, 2007 amended petition is stricken.  The issues raised by the original petition now are submitted and the court will address them in due course.

DATED:  December 10, 2007.

_____
U.S. MAGISTRATE JUDGE

baca0506.amd

6